MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Telephone: (310) 979-3600
Facsimile: (310) 979-3603

Attorneys for Defendant,
**Boss Innovation and Marketing, Inc.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Protective Industrial Products, Inc., | Case No. 8:23-cv-00095-DOC-KES |
| Plaintiff, | Hon. David O. Carter |
| v. | **DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING THE CASE WITH PREJUDICE** |
| Boss Innovation and Marketing, Inc., | |
| Defendant. | |
| | Date: October 23, 2023 |
| | Time: 8:30 a.m. |
| | Courtroom: 10A |

Defendant, Boss Innovation and Marketing, Inc. ("Defendant") hereby submits its Reply Brief in support of its Fed. R. Civ. P. Rule 12(c) Motion for Judgment on the Pleadings and to Dismiss Plaintiff's Complaint With Prejudice.

# TABLE OF CONTENTS

I. Introduction & Factual Background ...................................................................................1

II. Plaintiff's Conclusory Allegations And Broad Reading Of Case Law Are Entirely Self Serving And Should Be Ignored By The Court............................................................2

    A. Conclusory Statements Might Be Considered, But They Are Not The Same As Legal Conclusions ...............................................................................2

    B. Plaintiff Cites Case Law And Argues Blanket Protection By Ignoring The Facts ........................................................................................................3

III. There Are No Disputed Material Facts, Even Though There Might Be Different Conclusions Drawn From Some Undisputed Facts ............................................................4

    A. Plaintiff Is Wrong When It Argues There Is A Material Issue Of Fact As To Whether Defendant Suffered Prejudice...............................................4

    B. Plaintiff Is Wrong When It Argues That Allegedly Disputed Material Facts Rebutting Laches Dooms Defendant's Motion...........................................5

IV. The E-Systems Factors Favor Applying Laches Here.........................................................5

    1. Strength And Value Of Trademark Rights Asserted ....................................6

    2. Plaintiff's [Lack Of] Diligence In [Not] Enforcing Its Mark .......................6

    3. There Is No Real Harm To The Senior User If Relief Denied .....................7

    4. Good Faith Ignorance By Junior User ..........................................................7

    5. Competition Between Senior And Junior Users ...........................................8

    6. Extent Of Harm Suffered By Junior User Because Of Senior User's Delay ..............................................................................................................8

V. Laches Precludes Not Only Monetary Damages, But Injunctive Relief As Well ................9

VI. This Case Should Be Dismissed Forthwith .......................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................3

*Bell Atl. Corp v. Twombly*, 550 U.S. 544, (2007) ............................................................2, 3

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir.2001) ...................................................10

*DC Comics v.Pinket Towle*, 802 F. 3d 1012 (9th Cir 2015) .................................................4

*DC Comics v. Towle*, 989 F. Supp. 2d 948 (CACD 2013). ..................................................4

*E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604 (9th Cir. 1983) ......................................6, 10

*ILC Trademark Corporation v. Aviator Nation, Inc. et al.*................................................10

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002) ....................10

*Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025 (9th Cir. 2008).....................3

*Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975 (9th Cir. 2006) .......................................9

*Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015 (9th Cir. 2018).............9

**Règlements**

*Fed. R. Civ. P. Rule 12(c)* ....................................................................................................3

*Fed. R. Civ. P. Rule 12(b)(6)* ...............................................................................................2

## I. INTRODUCTION & FACTUAL BACKGROUND

Plaintiff Protective Industrial Products, Inc. ("Plaintiff") Opposition to Defendant, Boss Innovation and Marketing, Inc.'s (hereinafter, "Defendant") Motion for Judgment on the Pleadings ("the Motion") essentially relies solely on Plaintiff's assertion that Defendant's alleged Trademark Infringement is "Willful". Plaintiff then cites case law and argues that the mere allegation that Trademark Infringement is "Willful", even without alleging facts that would be sufficient to determine "Willful" Trademark Infringement, is sufficient to overcome the defense of Laches.

Further, Plaintiff's attempt to misrepresent Defendant's use of Defendant's Boss "Globe-O" logos to argue likelihood of confusion, completely misses the point of a Motion for Judgment on the Pleadings based on the affirmative defense of Laches. For the purpose of the current pending Motion, similarity, or lack thereof, should not be determinative. And certainly, unfairly selecting the wrong logos and prejudicially cropping the Boss "Globe-O" logo has no place in resolving the presently pending Motion for Judgment on the Pleadings that already were filed.

While Defendant believes this comparison is completely irrelevant, Defendant must point out that Plaintiff has affirmatively misrepresented not only Defendant's Boss "Globe-O" logo, but Plaintiff's typical use of its own Trademark and Logo.


Plaintiff's Mark on its Website
(https://bossgloves.com/)


Defendant's Mark on its Website
(https://www.bosssafety.com/)

In its Opposition, PIP even tries to take advantage of its affirmative misrepresentation by claiming: "BIM's mark is nearly identical to PIP's mark and even uses the same color font (white) and the same style of boxy font." Dkt. 53, p. 17 of 28, ll. 16-18.

The heart of this case is based on the uncontroverted fact that Plaintiff accused Defendant of Trademark Infringement in 2011, and then took no subsequent action until 2022. During that period of time, Defendant had no way of knowing that Plaintiff intended to try to enforce its Trademark Rights eleven (11) years after the initial correspondence took place. This undeniable fact of inexcusable delay rebuts any argument that Plaintiff can muster now, eleven (11) years later. Based on Plaintiff's abject failure to take any steps at all to enforce its alleged rights, Defendant has accumulated goodwill in its Boss "Globe-O" logos over the last eleven (11) years.

Defendant reiterates its request that this Honorable Court Dismiss all claims for relief in Plaintiff's Complaint as completely barred by the doctrine of Laches. Plaintiff and/or Plaintiff's predecessor-in-interest was fully aware of Defendant's conduct, threatened to sue Defendant, and then did nothing, sitting on its purported rights for more than a decade. If that is not the definition of Laches, what is?

## II. PLAINTIFF'S CONCLUSORY ALLEGATIONS AND BROAD READING OF CASE LAW ARE ENTIRELY SELF SERVING AND SHOULD BE IGNORED BY THE COURT

Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings appears to rest, almost exclusively, on Plaintiff's tortured argument that the mere allegation of "Willful" Trademark infringement would render an otherwise textbook defense of Laches inapplicable based on that specious allegation. Plaintiff then turns to an extremely expansive view of case law to try to buttress its argument.

### A. Conclusory Statements Might Be Considered, But They Are Not The Same As Legal Conclusions

Under the standard of *Fed. R. Civ. P. Rule 12(b)(6)*, a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must

raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. The court should accept as true a plaintiff's well-pled factual allegations and construe all factual inferences in the light most favorable to the plaintiff. <u>Manzarek v. St. Paul Fire & Marine Ins. Co.</u>, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions that are couched as factual allegations. <u>Iqbal</u>, 556 U.S. at 678.

To reiterate, pursuant to <u>Fed. R. Civ. P. Rule</u> 12(c), a conclusory statement is not an acceptable substitute for a proper factual allegation.

Plaintiff has argued that merely pleading that Defendant's actions were "Willful" should overcome the Affirmative Defense of Laches. Plaintiff makes other conclusory statements as well, in a blatant attempt to cover up the facts that do not serve Plaintiff's purposes in overcoming that clear Defense. One of the most egregious examples of this whitewashing is the fact that, despite eleven (11) years of inaction, Plaintiff has the temerity to argue that Plaintiff has diligently enforced its Marks, because Plaintiff said it has done so. <u>See</u> Plaintiff's Opposition, p. 15, ll. 11-12. Plaintiff offers no factual rationale for supporting its conclusory statements, probably because there is no possible justification for having waited so long.

Accordingly, conclusory statements that are not adequately supported by facts, including the unsupported conclusory statement that Defendant's actions were "Willful", should be ignored by the Court in resolving the pending Motion.

**B.    Plaintiff Cites Case Law And Argues Blanket Protection By Ignoring The Facts**

To say that the <u>DC Comics</u> opinion "unequivocally bars the application of laches to allegations of willful infringement such as those before the Court today" is a reaching statement. That argument would broaden the scope of <u>DC Comics</u> to encompass the present litigation, which is clearly distinguishable.

In <u>DC Comics</u>, the defendant created custom cars that were clearly intended

to trade on the immense goodwill generated by DC Comics and their Batman character. There was no dispute that the defendant there was intentionally trading off of the goodwill of DC Comics, and that the defendant "intentionally copied the designs" and "intentionally referred to his replica [cars] as 'Batmobiles'." <u>DC Comics v. Towle</u>, 802 F. 3d 1012, 1018 (9th Cir 2015). Plaintiff glosses over the fact that the defendant attempted to make replica cars that were clearly the Batmobile, and market those products under the term "Batmobile". Here, the Complaint has failed to plead the Defendant engaged in any actions that truly could be considered "Willful", and no amount of Discovery in this case could possibly lead to a different conclusion. If Defendant had intended to trade on Plaintiff's goodwill, Defendant would have clearly needed to use a trademark that was more similar to Plaintiff's Marks than the Boss "Globe-O" Marks. *See* the accurate comparison on p.1, *supra*.

Further, the underlying case makes clear that DC Comics was only aware of the defendant's actions "sometime before 2006", with an affiliate of the plaintiff becoming aware of the defendant in 2003, while litigation started in 2011. This is merely a five (5) year delay, which is only slightly longer than the State Statute of Limitations of four (4) years. <u>DC Comics v. Towle</u>, 989 F. Supp. 2d 948, 972 (C.D. Cal. 2013).  Here, not only does the Complaint show that Defendant's Boss "Globe-O" Marks are visually distinct from any of Plaintiff's Marks, but Plaintiff's delay here is more than twice as long as the delay caused by the plaintiff in <u>DC Comics</u>.

III. **THERE ARE NO DISPUTED MATERIAL FACTS, EVEN THOUGH THERE MIGHT BE DIFFERENT CONCLUSIONS DRAWN FROM SOME UNDISPUTED FACTS**

    A. **Plaintiff Is Wrong When It Argues There Is A Material Issue Of Fact As To Whether Defendant Suffered Prejudice**

First, Plaintiff argues that whether Defendant suffered prejudice is a disputed fact. As alleged in the Complaint, Defendant continued its complained of actions for eleven (11) years after first being put "on notice" that PIP's predecessor alleged

that BIM's actions were allegedly infringing. Based on this alone, the only logical inference to draw is that Defendant has continued to use its Marks and continued its growth. This self-evident conclusion does not require relying on any evidence that is external to the Complaint.

Here, Plaintiff attempts to convert this Motion to one for Summary Judgment in an attempt to delay the inevitable final resolution of the disagreement between the Parties, but this Honorable Court is able to rule on the Motion without going outside the Complaint and its Exhibits, and making this more complicated will not change the ultimate outcome, based on the uncontroverted facts in the Complaint.

### B. Plaintiff Is Wrong When It Argues That Allegedly Disputed Material Facts Rebutting Laches Dooms Defendant's Motion

The only "disputed material fact" that is relevant here is whether Defendant's actions were "Willful", which as explained above, is simply a conclusory statement that should be disregarded by the Court.

Even if there were any "disputed facts", the Motion for Judgment on the Pleadings only draws facts from the Complaint and its Exhibits, assuming the facts pled therein are true, including any reasonable inferences that may be drawn in Plaintiff's favor. The basis for the Motion, therefore, is there are no "disputed material facts". Further, it is Plaintiff who is attempting to insert facts that are extrinsic to the record being considered. It is not Defendant's fault that Plaintiff's Complaint is materially deficient, and should be Dismissed with Prejudice.

## IV. THE E-SYSTEMS FACTORS FAVOR APPLYING LACHES HERE

The *E-System* factors for evaluating whether laches should be used to bar allegations of willful infringement include: (1) "strength and value of trademark rights asserted"; (2) "plaintiff's diligence in enforcing mark"; (3) "harm to senior user if relief denied"; (4) "good faith ignorance by junior user"; (5) "competition between senior and junior users"; and (6) "extent of harm suffered by junior user because of senior user's delay." *E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604, 607

(9th Cir. 1983).

Much like Plaintiff's argument that it has pled facts sufficient to find that Defendant committed "Willful" infringement, Plaintiff uses conclusory allegations to attempt to buttress Plaintiff's arguments that do not address its real problem: that Plaintiff sat on its rights for eleven (11) years while the public, allegedly, were being misled by Defendant's allegedly infringing actions. Indeed, Plaintiff argues it was "diligent in enforcing its BOSS® Marks. Compl. ¶9" so nothing more is needed.

### 1. Strength And Value Of Trademark Rights Asserted

Defendant is not disputing here that Plaintiff's Marks are backed by 100 years of history and the goodwill Plaintiff has accumulated during that time.

Defendant does wonder, however, why Plaintif would spend eleven (11) years watching their "strong and valuable marks" be infringed by BIM without taking any action. Unless the "strong and valuable marks" might not be so valuable after all?

Nonetheless, no level of strength and value possessed by Plaintiff's marks could overcome just how strongly the second factor favors Defendant.

### 2. Plaintiff's [Lack Of] Diligence In [Not] Enforcing Its Mark

Plaintiff's attempt to stack each of the *E-Systems* Factors reveals the sheer shortsightedness of Plaintiff's position and makes apparent that Plaintiff's strategy appears to be to bury the facts in favor of "inferencing" clearly incorrect conclusions.

This *E-System* factor is very clear, and goes directly to Defendant's whole reason for raising the Laches defense. Namely, that Plaintiff delayed eleven (11) years from its initial "attempt" to change Defendant's behavior and failure to follow up after Defendant clearly stated that it would continue its actions after providing a well-reasoned explanation of why what Defendant was doing was not infringement.

Rather than provide some sort of explanation for Plaintiff's extreme lack of action, Plaintiff merely argued that Plaintiff stated that it was "diligent in enforcing its BOSS® Marks. Compl. ¶9." This is another example of Plaintiff relying on conclusory statements that are not supported by factual pleadings that are not

conceivable inferences based on properly alleged facts. The court is not required to accept as true legal conclusions couched as factual allegations. <u>Iqbal</u>, 556 U.S. at 678.

This <u>E-System</u> factor, in light of the facts pled, and not the improperly inferenced conclusions stated by Plaintiff, *heavily* favors applying Laches here.

### 3. **There Is No Real Harm To The Senior User If Relief Denied**

Plaintiff continues to argue that it "has been and will continue to be harmed" if Defendant is not stopped from its alleged infringing actions. However, Defendant's actions have been ongoing for twelve (12) years after the first Cease and Desist Letter was sent (and for about a decade beforehand). Allowing Defendant to continue is just keeping the current "status quo ante". Plaintiff has also not provided any explanation as to why any alleged damage is accruing now, after all this time, and how it could possibly be any different from what the alleged damage would have been when Defendant first began using its Boss "Globe-O" logo two decades ago. Plaintiff's failure to enforce its rights for so long should not be remedied by this Court now.

### 4. **Good Faith Ignorance By Junior User**

As Defendant's correspondence attached to the Complaint makes abundantly clear, Defendant reasonably did not believe that its use of the Boss "Globe-O" logo was an allegedly infringing use. Further, after expressing its belief that there was no longer a legal dispute between the parties, Defendant's position expressed in its Response Letter appeared to be adopted by Plaintiff because, for eleven (11) years, Plaintiff took none of the actions that would be expected if a party reasonably and objectively believed that its Registered Trademark was being infringed. All of these facts, taken together, leads to the reasonable inference that Defendant had good faith ignorance, and nothing contained in the Complaint provides a rebuttal to that conclusion, except for conclusory statements, that do not need to be accepted as true by this Honorable Court, because sufficient underlying facts have not been pled.

Thus, this factor too weighs in Defendant's favor.

### 5. Competition Between Senior And Junior Users

Based on the fact that Plaintiff and Defendant both sell products with some similarities (although BIM has asserted many times, that the only "gloves" it sells are as one small component of much larger safety kits, and said gloves are always marked with the Trademark of the manufactuer – who is **not** Defendant), one would think that Plaintiff would be concerned that the competition between such competitors would necessitate that Plaintiff have taken action to protect its mark against a "direct competitor" many years ago, and certainly in fewer than eleven (11) years.

### 6. Extent Of Harm Suffered By Junior User Because Of Senior User's Delay

Based on Plaintiff's lengthy lack of action, Defendant has been using its Boss "Globe-O" Marks for more than eleven (11) years after the first round of Cease and Desist Letters (which is twice as long as it would take to file, register, and obtain incontestability status for a Trademark Registered with the U.S. Trademark Office). Defendant has, based on facts pled in the Complaint, spent the eleven (11) years between Cease and Desist Letters building the brand awareness and acquiring goodwill in its Boss "Globe-O" logo Marks.

Thus, the harm suffered by Defendant is not the kind that can easily be measured with a dollar figure. The intangible goodwill and brand recognition that Defendant has built over the eleven (11) years while Defendant had no reason to believe Plaintiff would try to stop them is enormous and the loss thereof would be devastating to Defendant, which is the entire reason that Laches exists to begin with.

If Plaintiff had simply followed up on its 2011 allegations of Trademark Infringement with any sort of reasonable frequency, then maybe the balance of the *E-Systems* Factors would lean in favor of Plaintiff, but put simply, the effect of Plaintiff's choice to not police its mark for eleven (11) years greatly outweighs the effect of the other *E-Systems* Factors here, and Defendant should prevail.

## V. LACHES PRECLUDES NOT ONLY MONETARY DAMAGES, BUT INJUNCTIVE RELIEF AS WELL

While it is true that the Court may determine that Plaintiff might try to seek injunctive relief if the laches defense ends up applying to the monerary relief, it is not a certainty. In fact, the Ninth Circuit has examined the history of the denial of Laches as a defense when prospective injunctive relief is being sought, and citing numerous precedents, has concluded that Laches **IS** still a viable defense to trademark infringement, even if and when prospective injunctive relief is being sought. Specifically, as noted in Plaintiff's Opposition at p. 17, ll. 7-9: "laches *typically* does not bar prospective injunctive relief". *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1027 (9th Cir. 2018) (emphasis added).

The Ninth Circuit, in *te,* cited with approval numerous additional cases in which laches *was* found to be a valid defense to a claim for injunctive relief. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006) ("**It is well established that laches is a valid defense to Lanham Act claims for both monetary damages and injunctive relief**."); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 840 (9th Cir. 2002) (**applying laches to a claim for an injunction**); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 960 (9th Cir.2001) ("In a situation like this one, **laches may bar prospective injunctive relief**."); *E-Sys.*, 720 F.2d at 607 ("**Laches can bar recovery in trademark or tradename actions where injunctive relief is sought**.") (emphasis added).

Indeed, District Courts within the Central District of California, subsequent to the Ninth Circuit's decision in *DC Comics v. Towle*, when considering a claim of "Willful" Trademark Infringement, still have applied the Laches defense. For example, in *ILC Trademark Corporation v. Aviator Nation, Inc. et al.*, District Judge Fitzgerald Ruled: ("Here, the Court determines that **the balance of equities bars Plaintiff's claim for prospective injunctive relief**. Specifically, … **the E-Systems factors weigh in favor of finding laches**…. On Defendant's …

Affirmative Defenses for acquiescence, laches, statute of limitations, waiver, estoppel, and failure to mitigate, the Court finds in favor of Defendants. **This finding both acts as a bar to entry of judgment on Plaintiff's claims for relief and as a bar to the requested remedies, *i.e.*, an injunction** or disgorgement") (Case 2:17-cv-07975-MWF-JPR, Dkt. 157, Nov. 24, 2020) (emphasis added).

Defendant notes that Plaintiff's position on this issue comes down to Plaintiff's argument that "PIP's purported delay was not unreasonable." Plaintiff's Opp., p. 15, l. 16. To be clear, Plaintiff argues a delay of eleven (11) years of inaction is not unreasonable, without providing any supporting facts to substantiate such a bold claim. In this case, Plaintiff's delay is so unreasonable, that Defendant should not now need to change how it has been operating for the past two decades.

## VI. THIS CASE SHOULD BE DISMISSED FORTHWITH

Plaintiff attempts to argue that this Court should allow Discovery to proceed before determining whether the defenses of Laches, Willfulness, and Acquiescence apply, but no amount of Discovery is going to change the fact that Plaintiff took absolutely no action whatsoever for more than eleven (11) years, and there is no information in Defendant's possession that could possibly be "discovered" that is going to affect what Plaintiff failed to do for eleven (11) years in the past.

Based on all of the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice forthwith. Moreover, subject to proof by subsequent filing, Defendant respectfully requests that the Court award to Defendant and against Plaintiff all of Defendant's attorney's fees and taxable costs for having to defend this case that Defendant told Plaintiff would be barred before Plaintiff even filed the Complaint.

Dated: October 9, 2023

Respectfully submitted,
**HANKIN PATENT LAW, APC**
/Marc E. Hankin/
Marc E. Hankin, Esq.
Attorneys for Defendant,
**Boss Innovation and Marketing, Inc.**