UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 23-00095-DOC-KES     Date: November 2, 2023

Title: PROTECTIVE INDUSTRIAL PRODUCTS, INC. V. BOSS INNOVATION AND MARKETING, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [52]**

Before the Court is a Motion for Judgment on the Pleadings as to Laches ("Motion" or "Mot.") (Dkt. 52) brought by Defendant Boss Innovation and Marketing, Inc. ("Defendant" or "BIM"). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 715. Having reviewed the briefing submitted by the parties, the Court **DENIES** Defendant's Motion.

## I.    BACKGROUND

The following facts are taken from Plaintiffs' Complaint ("Compl.") (Dkt. 1). This case involves trademark infringement and false designation of origin arising under the Lanham Act, 15 U.S.C. §1051 et seq. Compl. ¶ 1. Plaintiff Protective Industrial Products, Inc. ("Plaintiff" or "PIP") has been involved in the personal protective equipment ("PPE") industry since its founding in 1984, supplying a variety of PPE products, including gloves. *Id.* ¶ 8. PIP purchased the Boss Glove and Safety business, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. 8:23-cv-00095-DOC-KES | Date: November 2, 2023 |

Page 2

the "BOSS" mark and related marks, from Boss Manufacturing Company in 2019. *Id.* ¶ 10. Boss Manufacturing Company is the oldest work glove company in the United States and has sold its gloves under its "BOSS" mark for more than a century. *Id.* ¶ 9. Since its acquisition of the Boss Glove and Safety business, PIP has maintained "BOSS" trademarks (the "BOSS® Marks"), including for various types of gloves to protect its brand. *Id.* ¶ 11. PIP owns the registration for the standalone "BOSS" mark (U.S. Reg. No. 1,718,343), which covers the use of the "BOSS" mark in all colors for various types of gloves. *Id.* ¶ 16. PIP widely promotes and sells gloves under that brand in the United States, including through its www.bossgloves.com website. *Id.* ¶ 12.

Plaintiff alleges that Defendant "has willfully infringed PIP's BOSS® Marks and has caused a substantial risk of consumer confusion about the origins of its products." *Id.* ¶ 15. Plaintiff asserts that through its family of websites, Defendant sells gloves and other PPE products through brands such as "BOSS," "BOSS Safety Products," "BOSS Tactical Supplies," "BOSS Emergency Preparedness," and "BOSS StrongBox." *Id.* ¶ 17. According to Plaintiff, BIM is not only likely confusing customers into believing that BIM's products—such as the gloves sold on its websites—are manufactured and sold by PIP, but also confusing customers into believing that PIP's gloves are manufactured and sold by BIM. *Id.* ¶ 24. Plaintiff accordingly brings a trademark infringement claim under the Lanham Act, 15 U.S.C. §1051 et seq. *See generally id.*

Plaintiff alleges BIM has known for over a decade that it is infringing PIP's BOSS® Marks. *Id.* ¶ 33. On April 15, 2011, Boss Manufacturing Company sent a cease-and-desist letter to BIM's BOSS Safety Products company arguing that BIM's use of the BOSS® Marks was a "clear violation of the trademark rights" of Boss Manufacturing Company and that BIM's use of the marks would "inevitably result in customer confusion with actual and potential customers believing that the gloves and other disputed products sold by [BIM] in connection with the mark BOSS SAFETY PRODUCTS emanate from or are associated or affiliated with Boss Manufacturing." *Id.* ¶ 34.

The April 15 letter demanded that BIM "cease and desist from any further use of the trademark BOSS SAFETY PRODUCTS, or any other mark which includes the word BOSS, in connection with the sale of gloves and safety equipment." *Id.* ¶ 35. BIM replied to the April 15 letter in a letter dated April 21, 2011, asserting that the marks it used were "distinct and dissimilar," namely because its mark used all uppercase letters and different colors than PIP's BOSS® Marks and incorporated a globe design. *Id.* ¶ 36. Defendant further asserted there was no evidence of customer confusion and that Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-00095-DOC-KES | Date: November 2, 2023 |

Page 3

and Defendant had a dissimilar client base and marketing channels from Plaintiff. *Id.* ¶ 37. Boss Manufacturing Company replied to BIM's April 21 letter in a letter dated September 15, 2011, noting that BIM had promptly filed several trademark applications after receiving the April 15 letter, including one on August 4, 2011 for the "BOSS SAFETY PRODUCTS" mark in connection with gloves. *Id.* ¶ 37. BIM did not change its websites or product advertising. *Id.* ¶ 39.

Eleven years later, after PIP acquired the BOSS Glove and Safety business, PIP sent another cease-and-desist letter to Mike Curtis, owner of BIM, on August 31, 2022, stating that BIM's "use of PIP's BOSS® trademark in connection with directly competing and related goods represents a clear and undeniable infringement of our client's trademark rights." *Id.* ¶ 40. On October 18, 2022, BIM replied, asserting that it was "simply an online retailer of a wide range of personal safety equipment and safety storage devices manufactured by industry leaders," and that any gloves sold on its website "are not being sold as any private label brand of [BIM], but rather are third-party products bearing their own respective trademarks which are simply being resold through the www.bosssafety.com website." *Id.* ¶ 41.

Plaintiff now brings claims for trademark infringement under 15 U.S.C. §1114 and false designation of origin under 15 U.S.C. §1125(a).

On January 13, 2023, Plaintiff filed its complaint in this Court. Defendant filed the present Motion to Dismiss on September 25, 2023. Plaintiff opposed the motion ("Opp'n") on October 2, 2023 (Dkt. 53). Defendant replied ("Reply") on October 9, 2023 (Dkt. 54).

## II.    LEGAL STANDARD

Rule 12(c) provides that the Court may grant judgment on the pleadings after the pleadings are closed.  Fed. R. Civ. P. 12(c).  "[P]leadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming as is the case here, that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).  Motions for judgment on the pleadings are governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00095-DOC-KES					Date: November 2, 2023

Page 4

complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00095-DOC-KES   Date: November 2, 2023

Page 5

### III.   DISCUSSION

Defendant moves for judgment on the pleadings under 12(c) as barred by the doctrine of Laches. Mot. at 8.

Laches is an equitable time limit on a party's right to bring suit and bars a claim upon a showing of (1) unreasonable delay by plaintiff in bringing suit, and (2) prejudice. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006). "This defense embodies the principle that a plaintiff cannot sit on the knowledge that another company is using its trademark, and then later come forward and seek to enforce its rights." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 989 (9th Cir. 2009). The Ninth Circuit has reaffirmed the viability of laches as a bar against claims of trademark infringement where the plaintiff has exercised a lack of diligence in bringing suit. *See Pinkett Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015 (9th Cir. 2018).

Laches, an equitable defense, may be decided on the pleadings when apparent from the face of the complaint. *See Scott v. Kuhlmann*, 746 F.2d at 1378; *see also Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 510 F. Supp. 3d 878 (C.D. Cal. 2021); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981, 990-92 (N.D. Cal. 2020).

Defendant asserts that Plaintiff's claims are barred by laches because Plaintiff's predecessor-in-interest had affirmative knowledge of Defendant's activities more than twelve years ago and took no action for more than eleven years between the sending of the follow-up Cease and Desist Letter in August of 2011, and the sending of the new Cease and Desist Letter in October of 2022. Mot. at 11.

Plaintiff responds that laches does not apply to cases of willful infringement. Opp'n at 1. PIP argues it has alleged that BIM willfully infringed its trademarks and willfully falsified the designation of origin of its products. *Id.* at 6; Compl. ¶ 42. Plaintiff relies primarily on the Ninth Circuit's decision in *DC Comics v. Towle*, where the Circuit noted the doctrine of laches "does not apply, however, in cases of willful infringement." 802 F.3d 1012, 1026 (9th Cir. 2015); Opp'n at 8. Defendant argues Plaintiff's pleading merely describes their conduct as "willful," and that an allegation of willfulness with no further support is insufficient to trigger the *D.C. Comics* rule. Mot. at 13-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00095-DOC-KES　　　　　　　　　　　　　　　　Date: November 2, 2023

Page 6

The Court disagrees with Defendant's characterization of the allegations in the Complaint. Plaintiff points to the original cease-and-desist letter, and Defendant's continued use of the mark after receiving the letter, as evidence of willfulness. Opp'n at 10. Numerous courts in the Ninth Circuit have found that a defendant's decision to continue infringing after receipt of a cease-and-desist letter can lead to an inference or finding of willful infringement. *See, e.g.*, *E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F. Supp. 472, 475 (N.D. Cal. 1992) ("Use of an infringing mark, in the face of warnings about potential infringement, is strong evidence of willful infringement."). Plaintiff's assertions therefore rise beyond the level of conclusory descriptions of willfulness.

Moreover, courts in the Ninth Circuit routinely deny summary judgment motions on laches and willful infringement on the grounds that the issues frequently involve genuine disputes of material fact. *See, e.g., San Miguel Pure Foods Co., Inc. v. Ramar Int'l Corp.*, No. 11-cv-09747, 2012 WL 13227045, at *8 (C.D. Cal. Nov. 27, 2012) ("declin[ing] to resolve" laches on summary judgment because there were "sufficient factual issues regarding willful infringement that deciding the defense of laches at this time would be premature"). Applying laches in a judgment on the pleadings would be inappropriate when Plaintiff has plausibly alleged that Defendant has willfully infringed their trademark and has had no opportunity to conduct discovery to support its allegations.

Defendant argues in the alternative that the equitable doctrine of acquiescence or estoppel also bars Plaintiff's claims. The equitable defense of acquiescence prevents a party from bringing suit following an affirmative act that implied the party granted consent to the alleged infringer to use the mark. *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109 (9th Cir. 2018). This doctrine is "distinct from laches because it requires an affirmative representation by the plaintiff that it will not assert a claim." *Id.* To establish an acquiescence defense, a defendant must show: "(1) the senior user actively represented that it would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010)) (quoting *ProFitness Physical Therapy Ctr v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 67 (2d Cir. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-00095-DOC-KES | Date: November 2, 2023 |

Page 7

The Court agrees with Plaintiff that this defense also fails because "BIM fails to identify any affirmative representation by PIP or BMC that they would refrain from asserting any infringement claim against BIM." Opp'n at 18. Defendant argues that Plaintiff impliedly consented to Defendant's use of its "Globe O" logo for the twelve years following the initial cease-and-desist letter. Mot. at 19. "Failing to object to a junior user's conduct is not the equivalent of an active assurance that a senior user will not bring a claim." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc.*, No. 06-cv-679, 2011 WL 1211477, at *6 (C.D. Cal. Mar. 30, 2011). Further, courts in the Ninth Circuit have recognized that sending a cease-and-desist letter can be evidence of non-acquiescence. *See, e.g.*, *Dolin v. Facebook, Inc.*, No. 18-cv-0950, 2018 WL 2047766, at *7 (N.D. Cal. May 2, 2018) (a cease-and-desist letter is evidence the mark owner has not acquiesced to that use). Thus, the Court finds no affirmative representation by PIP implying they would not assert a trademark infringement claim, and so finds the defense of acquiescence inapplicable.

The Court therefore DENIES Defendant's Motion for Judgment on the Pleadings.

### IV. DISPOSITION

For the reasons explained above, the Court **DENIES** Defendant's Motion for Judgment on the Pleadings. The hearing currently scheduled for November 6, 2023 is **VACATED**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN